UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:12-CV-286-KKC

REBECCA SUE SHUPE                                                                                         PLAINTIFF

v.                            **MEMORANDUM OPINION AND ORDER**

ASPLUNDH CORPORATION                                                                               DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the "Motion to Remand and for an Award of Costs and Attorney Fees Pursuant to 28 U.S.C. § 1447(c)" filed by Plaintiff Rebecca Sue Shupe. (DE 7). Because there is complete diversity of citizenship and because a fair reading of the Complaint makes it more likely than not that the amount in controversy exceeds $75,000, Plaintiff's Motion will be DENIED.

**I.   BACKGROUND**

Shupe was an employee of Defendant Asplundh Tree Expert Co.[1] from August 2008 until on or about August 17, 2011. (DE 1-1, Compl. ¶ 4). On August 10, 2012, Shupe filed a Complaint in Fayette Circuit Court seeking damages for Asplundh's alleged violations of the Kentucky Civil Rights Act, K.R.S. § 344.010 *et seq.*, based upon on her sex and age. (DE 1-1, Compl. ¶¶ 5, 11). Shupe further claims that Asplundh's conduct was "grossly negligent, outrageous, extreme, intentional [and] designed to hold her in a false light to others within the Company and done with such a reckless disregard to the Plaintiff, entitling her to Punitive damages." (*Id.* at 15). Shupe did not assign a monetary value for the damages sought beyond stating that they surpass the minimum jurisdictional amount for state court claims. (*Id.* at 4).

---

[1] The Complaint names Asplundh Corporation, but Defendant refers to itself as Asplundh Tree Expert Co.

Complete diversity exists between the parties. Shupe is a resident and citizen of Kentucky, while Asplundh is a corporation organized under the laws of Pennsylvania with its principal place of business in Willow Grove, Pennsylvnia. In its Notice of Removal (DE 1), Asplundh also asserts that the amount in controversy exceeds $75,000. Accordingly, Asplundh removed to this Court on the basis of diversity jurisdiction found in 28 U.S.C. § 1332.

Following removal, Shupe filed the present motion to remand and for attorney's fees. Shupe does not dispute that the parties are completely diverse. Rather, she alleges that this Court lacks jurisdiction because the amount in controversy does not exceed $75,000. To that end, Shupe submitted a pre-litigation settlement demand letter, in which she offered to settle her claims for $60,000. (DE 7-2, Letter to Asplundh, May 22, 2012). The Court must now consider whether it has jurisdiction to hear this case under the terms of the diversity statute.

## II. ANALYSIS

### A. Remand

As the removing party, Asplundh bears the burden of proving the existence of federal jurisdiction. *Eastman v. Marine Mech. Corp,* 438 F.3d 544, 549 (6th Cir. 2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statement should be strictly construed and all doubts resolved in favor of remand." *Id.* at 550 (alteration in original) (quoting *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir. 1996)). Asplundh, therefore, must show it is more likely than not that Shupe's claim exceeds $75,000 to establish jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(B); *Everett v. Verizon Wireless,* 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds by Hertz Corp. v. Friend,* 130 S.Ct. 1181 (2010)).

To determine the amount in controversy, the Court first looks to the Complaint. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573. The minimum amount in controversy is satisfied if a "fair reading" of the complaint makes it more likely than not that damages exceed $75,000. *Id.* In accordance with Kentucky Rule of Civil Procedure 8.01, however, Shupe did not make a specific numerical demand in excess of the state's jurisdictional amount. Kentucky Civil Rule 8.01(2). The Court also looks to allegations in the Notice of Removal. "The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by the statute." *Suwala v. Progressive Ins. Co.,* No. Civ. A.2005–135, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005)(citing *Nat'l Nail Corp. v. Moore,* 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001)).

The assertions in these initial pleadings and attached evidence permit the Court to find that it is more likely than not that the amount in controversy exceeds $75,000. Shupe claims discrimination and retaliation in violation of the Kentucky Civil Rights Act, KRS § 344.010 *et seq.* If successful on this claim, Shupe may recover actual damages, including damages for back pay, front pay, lost benefits, humiliation and embarrassment, and attorney's fees. KRS § 344.450; *Meyers v. Chapman Printing Co.,* 840 S.W.2d 814, 817 (Ky. 1992). During her employment with Asplundh, Shupe was a full-time employee working an average of 42.5 hours per week and earning $15.00 per hour. (DE 1-1, Compl. ¶ 9; DE 1-2 Taotian Decl. ¶¶ 5-6). When determining the amount of controversy, courts have considered the amount of back pay actually sought, not just the back pay accrued at the time of filing. *See Weaver v. AT & T Corp.*, No. 10-146-C, 2010 WL 2521462, *2 (W.D. Ky. June 18, 2010)(gathering cases and denying remand after considering back pay beyond the time of removal). In this case, back pay alone would total more than $68,000 if trial occurs by September 2013. In addition, any front pay

3

award would be based on Shupe's annual rate of pay of approximately $34,125. Shupe also seeks damages for humiliation and embarrassment and may recovery attorneys' fees under the statute, and so these may be considered when determining the amount in controversy. KRS § 344.050; *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007). Based on these combined damages – back pay, front pay, humiliation and embarrassment, and attorney's fees – the Court is satisfied that the amount in controversy more likely than not meets the statutory requirement for federal jurisdiction.

In support of remand, Shupe relies upon a pre-suit settlement demand letter. That letter requests damages for back pay, including reimbursement for the value of Asplundh's benefits package, from her termination in August of 2011 through August 31, 2012, or alternatively, a lump sum payment of $60,000. (DE 7-2). As courts in this district have recognized, a party's demand is not especially strong evidence of the amount in controversy. *See Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435, *2 (E.D. Ky. Jan. 24, 2011); *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 854 (E.D. Ky. 2006). These are negotiations, after all, and parties can overestimate or underestimate their claims. In this case, however, there is additional evidence beyond the demand letter to show the amount in controversy more likely than not exceeds $75,000. Given Shupe's undisputed rate of pay, a "fair reading" of the damages available to her claims as pled, and even a demand letter just short of the jurisdictional minimum, it is more likely than not that the requisite amount in controversy is met.

### B. Attorney's Fees

It is within the discretion of the Court to award fees and costs under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where

the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Shupe had requested that the Court award the attorney's fees incurred in responding to Asplundh's removal of the case. Because the Court has ruled that removal was proper, Shupe's request for an award of fees and costs is denied.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's "Motion to Remand and for an Award of Costs and Attorney Fees Pursuant to 28 U.S.C. § 1447(c)" (DE 6) is DENIED;

(2) Plaintiff's motion to hold summary judgment motion in abeyance (DE 8) is DENIED as moot;

(3) Plaintiff shall have 21 days from the entry of this Order to respond to Defendant's Motion for Summary Judgment (DE 5).

This the 21st day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

5