UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:12-CV-286-KKC

REBECCA SUE SHUPE                                                                           PLAINTIFF

v.        **MEMORANDUM OPINION AND ORDER**

ASPLUNDH CORPORATION                                                              DEFENDANT

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Asplundh Tree Expert Co.[1] (DE 5). Asplundh argues that Plaintiff Rebecca Sue Shupe's claims are barred by a six-month contractual period of limitation. Because the contractual limitation is valid and enforceable, the Court grants Defendant's Motion.

**I.   Background**

The essential facts are not in dispute.[2] Shupe was an employee of Asplundh from 2008 to 2011 and worked at its Lexington, Kentucky location. (DE 1-1, Compl. ¶ 4). She was hired on August 15, 2008, as a "Permission Taker/Pre-Planner" under the supervision of her former husband. (DE 1-1, Compl. ¶¶ 4-5). At that time, she was required to sign a document titled "LIMITATION ON TIME TO FILE CLAIMS OR LAWSUITS" in exchange for her at-will employment and as a condition of her employment. (DE 5-2, Phillip Tatoian Decl., Exh. A). This waiver also carried the words "IMPORTANT NOTICE" (in two places), "READ CAREFULLY BEFORE SIGNING," and "PLEASE READ," all of which were in bold and large type. (*Id.*). The one-page waiver provided, in its entirety, as follows:

---

[1] The Complaint names Asplundh Corporation, but the real party in interest is Asplundh Tree Expert Co.
[2] Defendant states that it does not dispute these facts for purposes of its Motion for Summary Judgment.

> I agree that any claim, administrative claim, or lawsuit relating to my service with the Company or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit, except as provided in a collective bargaining agreement currently in effect. I waive any statute of limitation to the contrary.
> I have read and fully understand the contents of this limitation and am fully able and competent to complete it.

(*Id.*). Shupe signed and dated the document on August 15, 2008. Her employment ended on August 17, 2011. (DE 1-1, Compl. ¶ 4).

On August 10, 2012, Shupe filed a Complaint in Fayette Circuit Court seeking damages for Asplundh's alleged violations of the Kentucky Civil Rights Act, K.R.S. § 344.010 *et seq.*, based upon on her sex and age. (DE 1-1, Compl. ¶¶ 5, 11). Specifically, she claims that she was subjected to daily sexual harassment from her supervisor, her former husband, and that her reports of this harassment were not addressed by Asplundh. (*Id.* at ¶¶ 5-6). She further claims that "by implication and innuendo," Asplundh accused her of being involved in the wrongdoing that led to her former husband's termination. (*Id.* at ¶ 8). Asplundh removed the case to this Court based on diversity jurisdiction. Asplundh now seeks summary judgment on all of Shupe's claims against it based on the contractual waiver signed by Shupe.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Pennington v. State Farm Mut. Automobile Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial responsibility of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (196). The moving party may satisfy this burden by presenting affirmative evidence that negates

2

an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 324). Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Id.*

The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505 (1986). The Court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Analysis

Asplundh argues that summary judgment is proper because Shupe signed a waiver agreeing to bring any claims related to her employment within six months of her termination. Asplundh argues that this lawsuit, based on her employment and filed twelve months after her employment was terminated in August of 2011, is time-barred because of this waiver. In response, Shupe argues that while the signature is hers, she does not recall signing this waiver and that she never received notice of its effects.

Under Kentucky law, a contractual limitation period in an employment agreement generally is enforceable. In Kentucky, it is well settled that "parties, dealing at arm's length, may contract for a limitation shorter than that provided by statute, so long as the period provided for is a reasonable one." *Prewitt v. Supreme Council of Royal Arcanum,* 302 Ky. 301, 194 S.W.2d 633, 635 (1946). *See also Munday v. Mayfair Diagnostic Laboratory,* 831 S.W.2d 912, 914 (Ky. 1992) ("Parties are at liberty to contract for a limitation period less than the period

3

fixed by statute."). In the employment context, federal district courts in Kentucky have found contractual limitation provisions are enforceable and dismissed untimely claims. *Aytes v. Fed. Express Corp.*, No. 5:10-CV-230-KSF, 2012 WL 1831272, at *9 (E.D. Ky. May 18, 2012); *Thornton v. W. & S. Fin. Grp. Beneflex Plan*, 797 F. Supp. 2d 796, 809 (W.D. Ky. 2011); *Dunn v. Gordon Food Servs. Inc.*, 780 F.Supp.2d 570, 576 (W.D. Ky. 2011).

Shupe essentially argues that the waiver is ineffective because she did not knowingly and voluntarily execute it. In determining whether a waiver was executed knowingly and voluntarily, a court considers:

> (1) plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances.

*Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 668 (6th Cir. 2003) (quoting *Adams v. Philip Morris, Inc.*, 67 F.3d 580, 583 (6th Cir. 1995)). Although Shupe acknowledges that the waiver contains her signature, she contends that she does not remember the document (or any she signed in order to obtain employment), that she was not allowed to review the documents with an attorney because she was told to sign them immediately, and that she was never provided a copy of the waiver. (DE 13-4, Shupe Aff.) Finally, she argues that she had no notice of the waiver when she was terminated. (*Id.*).

The waiver is quite clear, both in content and in form. The font directing the reader's attention is bold and capitalized, and the font containing the actual language of the waiver is clear from a normal reading distance. The language itself is relatively plain and clear. Asplundh also provided Shupe with consideration for the waiver of the limitation period by providing Shupe with wages and employment. While Shupe has provided no evidence regarding her

4

experience, background, and education, courts have found knowing and voluntary waivers when plaintiffs had high school educations or less. *See, e.g. Sako v. Ohio Dept. of Administrative Services,* 278 F. App'x. 514, 518 (6th Cir. 2008) (finding waiver validly executed by French-speaking African immigrant who had a high school education).

As for the amount of time Shupe had to consider the waiver, there is no evidence she asked for more time to complete the waiver (or other employment paperwork) or indicated in any fashion that she did not understand the terms. Courts have found waivers were voluntary and knowing in similar circumstances. *Sako,* 278 F. App'x. at 518 (6th Cir. 2008) (waiver voluntary even when plaintiff only had a few minutes to sign); *Aytes*, 2012 WL 1831272, at *12-13 (waiver voluntary when the document was brief and plaintiffs did not ask for assistance or more time); *Dunn*, 780 F. Supp. 2d at 577 (a high school education and inability to consult a lawyer were not sufficient to "show lack of knowledge or voluntariness); *Moore v. Ferrellgas, Inc.,* 533 F. Supp. 2d 740, 749 (W.D. Mich. 2008) (finding a knowing and voluntary waiver where the plaintiff did not have a high school education, did not ask for more time to complete the application or to consult an attorney, or indicate in any fashion that he did not understand the terms).

Moreover, this case is distinguishable from cases in which the Sixth Circuit has found waivers were not knowing and voluntary. In those cases, the waivers concerned substantive rights, and the waiver language was far from clear. *See Alonso v. Huron Valley Ambulance Inc.,* 375 F. App'x 487, 492-494 (6th Cir.2010); *Walker v. Ryan's Family Steak Houses Inc.,* 400 F.3d 370, 381 (6th Cir. 2005). In *Alonso*, the Sixth Circuit focused on the fact that employees did not receive information about the processes they would receive in place of a judicial proceeding. *Alonso,* 375 F. App'x at 493. Without this information, the employees could not knowingly waive their substantive right to judicial proceedings. Similarly, the Sixth Court found there was

5

no knowing and intelligent waiver of the right to a judicial forum when employees were hired on the spot after a brief interview and instructed to sign without explanation. *Walker*, 400 F.3d at 381-382. Additionally, in *Walker*, the waiver was buried in a packet of employment information, and the defendants provided misleading information about the waiver when discussing it. *Id.* at 382. In this case, however, there were no undisclosed processes about which Shupe lacked information. The waiver presented to her related only to procedural rights, not substantive rights. The one-page waiver was clear and direct, and there is no evidence of misleading information from Asplundh.

Instead, Shupe's case resembles the cases from Kentucky which found similar waivers were knowing and voluntary. *Thornton,* 797 F. Supp. 2d at 809 ("[T]he Court finds that the six-month limitations period on the employment agreement is reasonable."); *Dunn,* 780 F. Supp. 2d at 576 ("[T]he Court finds that a waiver in an employment application is congruent with Kentucky law and that this particular waiver is reasonable on its face."). Most similar is a recent case from this district. In *Aytes*, the district court also addressed claims under the Kentucky Civil Rights Act and found them to be time-barred by a six-month contractual limitation period. *Aytes*, 2012 WL 1831272, at *26.

After a review of these factors and the totality of the circumstances, the Court finds Shupe made a knowing and voluntary waiver of the statutory limitation period. Furthermore, as Asplundh notes, "[o]ne who signs a contract cannot seek to avoid it on the basis that he did not read it or that he supposed it was different in its terms." *Mannix v. County of Monroe,* 348 F.3d 526, 533 (6th Cir. 2003) (internal citation omitted). In affirming a decision that a plaintiff was bound by the terms of an application, the Sixth Circuit said: "She had an obligation to seek assistance before she signed if she felt she did not understand the application." *Reid v. Sears,*

6

*Roebuck and Co.,* 790 F.2d 453, 461 (6th Cir.1986). Again, there is no evidence that Shupe ever indicated any confusion about the terms of the waiver or ask any questions regarding them, despite having the opportunity. Instead, there is only Shupe's uncontested signature on the waiver. Under such circumstances, the Court finds there is no genuine dispute of material fact regarding the validity of the waiver, whether Shupe's claims relate to her service with Asplundh, or whether Shupe commenced this action within six months of her termination. Therefore, Asplundh is entitled to summary judgment as matter of law on all of Shupe's claims.

### IV. Conclusion

Accordingly, for the above stated reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (DE 5) is GRANTED.

This 2nd day of May, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge